UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2006 AUG -3 PM 4: 50
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | UNDER SEAL |
| v.  ) | Case No. CR406-148 |
| ) | |
| D.D., Juvenile Male, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is the government's motion for the mandatory transfer of proceedings against this juvenile to an adult criminal prosecution. Doc. 3. DD is charged with two counts of armed robbery of a motor vehicle, two counts of brandishing a firearm during a crime of violence, and two counts of interstate transportation of a stolen vehicle. Defendant opposes the motion to transfer. Doc. 14. The Court held a closed evidentiary hearing on the motion on July 20, 2006, at which time the government offered testimony from Joseph Bonaparte, the Director of the Department of Juvenile Justice in Jasper County, South Carolina. Mr. Bonaparte also serves as a probation officer in that office. For the reasons that follow, the government's motion to transfer should be GRANTED.

Under the Federal Juvenile Delinquency Act (FJDA), where (1) a juvenile allegedly committed a federal offense after his sixteenth birthday; (2) the charged offense is a felony that has as an element the use of physical force or by its nature involves the risk of physical force, or is one of the offenses specifically enumerated in the provision; and (3) the juvenile has previously been found guilty of a crime that would satisfy the second factor, the Court "shall" transfer the proceedings against the juvenile to an adult criminal prosecution. 18 U.S.C. § 5032 ¶ 4. Congress provided for such mandatory transfer in order to address the problem of repeat juvenile offenders. See H.R. Rep. No. 98-1030, reprinted in 1984 U.S.C.C.A.N. at 3529 ("[T]here is growing concern about the high percentage of violent crime committed by juveniles who have records of criminal activity, and growing recognition that for some of these juveniles, the rehabilitation theory upon which the current juvenile system is based is not always adequate to protect the public interest."). While the FJDA also allows for permissive transfer when the court feels that a transfer would be in the interest of justice, the mandatory transfer provision "prescribes any discretionary determinations by the district court." United States v. I.D.P.,

102 F.3d 507, 510 n.3 (11th Cir. 1996). Therefore, if the government has satisfied each statutory element, the Court must transfer the proceedings to an adult criminal prosecution.

Defendant was born on August 31, 1988 and was sixteen years of age at the time he allegedly committed the acts charged in the present information. Defendant does not dispute this fact. The information charges defendant with two acts of armed robbery of a motor vehicle, in violation of 18 U.S.C. § 2119, two acts of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and two counts of knowingly transporting a stolen automobile in interstate commerce, in violation of 18 U.S.C. § 2312. These offenses would be felonies if committed by an adult and involve the use, attempted use, or threatened use of physical force against another as an element of the offense. Defendant concedes that the alleged acts would be violent felony offenses if charged against an adult. Doc. 14. The government has therefore met its burden on the first two elements required for mandatory transfer.

The final criterion of § 5032's mandatory transfer provision is that the juvenile has previously been "found guilty" of any one of several

specified offenses. 18 U.S.C. § 5032 ¶ 4. Defendant has previously been adjudicated delinquent in South Carolina for strong arm robbery on two occasions. Gov't. Exs. 1, 2. Defendant contends that "he has never been convicted or adjudicated of Strong Arm Robbery in the State of South Carolina." Doc. 14.[1] The essence of defendant's assertion is that he has never been "found guilty" of this offense as required by § 5032 since his prior convictions are juvenile delinquency adjudications. Id.

Although the Eleventh Circuit has not addressed whether a juvenile's prior delinquency adjudication satisfies the "previously been found guilty" requirement of § 5032, every circuit that has considered the issue has ruled that it does. United States v. David A., 436 F.3d 1201, 1212-13 (10th Cir. 2006); United States v. N.J.B., 104 F.3d 630, 636-37 (4th Cir. 1997); United

---

[1] Defendant also contends that there is not a statute entitled "Strong Arm Robbery" under South Carolina state law. Doc. 14. However, "common law robbery and 'strong arm' robbery are synonymous terms for a common law offense whose penalty is provided for by statute." State v. Rosemond, 560 S.E.2d 636, 640 (S.C. 2002). Robbery is defined as "the felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." State v. Bland, 457 S.E.2d 611, 612 (S.C. 1995). The South Carolina code provides that common law robbery is a felony punishable by not more than fifteen years' imprisonment. S.C. Code Ann. § 16-11-325. Defendant pled guilty to this offense twice, in October 2003 and December 2005. Gov't. Exs. 1, 2. Once the court accepted defendant's plea, the guilty plea was the equivalent of a judicial finding that defendant committed the act and precludes defendant from claiming otherwise. United States v. David H., 29 F.3d 489, 493 (9th Cir. 1994).

States v. Juvenile Male No. 1, 47 F.3d 68, 69 (2d Cir. 1995); United States v. David H., 29 F.3d 489, 492-93 (9th Cir. 1994). The courts have reasoned that the language of the statute itself supports such a construction. The statute provides that the juvenile must have "previously been found guilty of an act which if committed by an adult" is one of the specified offenses listed in the statute. 18 U.S.C. § 5032. "It seems very unlikely that Congress would create a special statute permitting the Government to treat juvenile offenders as adults in federal court and then except from the statute's reach a number of juvenile offenders solely because state law denominates their prior delinquency determinations as 'adjudications' rather than 'convictions.'" N.J.B., 47 F.3d at 637. Moreover, "because 'Congress added the mandatory transfer provision to the Act for the very purpose of addressing the problem of repeat juvenile offenders,' it would make no sense to exclude juvenile adjudications." Id. (quoting David H., 29 F.3d at 492-93). In the absence of direct authority from the Eleventh Circuit, the Court finds the reasoning and holdings of the Second, Fourth, Ninth, and Tenth Circuits persuasive and holds that defendant's prior juvenile adjudications satisfy § 5032's "found guilty" requirement.

The government has therefore satisfied all of the requirements of the mandatory transfer provision of § 5032. Accordingly, the government's motion should be GRANTED and the proceedings against defendant should be transferred to an adult criminal prosecution.

**SO REPORTED AND RECOMMENDED** this 3rd day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA